UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HORACE HILL, JR.,

                Plaintiff,

v.

KENNETH HESS, *et al.*,

                Defendants.

Case No. C23-5940-LK-SKV

REPORT AND RECOMMENDATION

This is a prisoner civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Horace Hill is currently confined at the Clark County Jail in Vancouver, Washington, where he is awaiting trial on criminal charges filed against him in Clark County Superior Court. *See* Dkt. 7. Plaintiff submitted his proposed civil rights complaint to the Court for filing on October 19, 2023. *See* Dkt. 1. Plaintiff alleged therein that: (1) Vancouver Police Officer Kenneth Hess made false claims and conspired against Plaintiff's rights in relation to his June 2023 arrest; (2) former defense attorneys Josephine Townsend, Louis Byrd, Jr., and Phil Ard violated the Washington Rules of Professional Conduct and failed to provide adequate representation during the criminal proceedings that ensued following Plaintiff's arrest; (3) private investigator Michael Frank colluded with Ms. Townsend and Officer Hess to violate Plaintiff's rights and failed to

REPORT AND RECOMMENDATION
PAGE - 1

retrieve evidence requested by Plaintiff; (4) Deputy Prosecuting Attorney Anna Joy conspired to violate Plaintiff's rights and engaged in prosecutorial misconduct; (5) Clark County Superior Court Judge David Gregerson failed to protect Plaintiff's rights as an accused person and failed to remain impartial; and (6) Chief Criminal Deputy Prosecutor Anna Klein conspired to violate Plaintiff's rights and colluded with Judge Gregerson, resulting in prejudice to Plaintiff's criminal proceedings.  *See* Dkt. 7.

Plaintiff identified Officer Hess, Ms. Townsend, Mr. Byrd, Mr. Ard, Mr. Frank, Ms. Joy, Judge Gregerson, and Ms. Klein as Defendants in his proposed complaint.  *See* Dkt. 7 at 3, 10. He requested relief in the form of release from confinement and damages.  *Id*. at 9.

After screening Plaintiff's proposed complaint in accordance with 28 U.S.C. § 1915A, this Court determined that Plaintiff had not presented therein any viable claim for relief.  Thus, on December 1, 2023, this Court issued an Order directing Plaintiff to show cause why his complaint and this action should not be dismissed.  Dkt. 8.  In the Order to Show Cause, the Court first observed that Ms. Townsend, Mr. Byrd, and Mr. Ard were not proper Defendants in this action because neither private attorneys nor public defenders are considered state actors for purposes of suing under § 1983.  *See id*. at 3 (citing *Polk County v. Dodson*, 454 U.S. 312 (1981)).

The Court further observed that Judge Gregerson, as well as prosecutors Ms. Joy and Ms. Klein, were entitled to absolute immunity in this action because the actions complained of by Plaintiff in his proposed complaint were undertaken by these individuals within the scope of their official judicial and prosecutorial duties.  *See* Dkt. 8 at 3 (citing *Briscoe v. LaHue*, 460 U.S. 325, 334-36 (1983); *Imbler v. Pachtman*, 424 U.S. 409 (1976)).

Finally, the Court observed that Plaintiff's claims were not properly before this Court at the present time because his claims all pertained to his ongoing state court criminal proceedings. Dkt. 8 at 4-5.  The Court explained that federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate.  *Id*. at 4 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).  The Court went on to detail the requirements for federal court abstention under *Younger* and concluded that the requirements had been satisfied in this instance and that *Younger* abstention therefore appeared to apply in this case.  *See id*. at 4-5.

Plaintiff was directed to file a response to the Order to Show Cause within thirty days. Dkt. 8 at 5.)  Plaintiff submitted a document to the Court on December 26, 2023, which the Court presumes was intended to constitute a response to the Order to Show Cause.  Dkt. 9.  However, that document does not appear to address any of the issues identified in the Order to Show Cause as ones precluding this action from proceeding.  *See* Dkt. 9.

There can be no dispute that Ms. Townsend, Mr. Byrd, and Mr. Ard, Plaintiff's former defense attorneys, are not subject to suit in this civil rights action.  In addition, Plaintiff's submissions amply demonstrate that Judge Gregerson, Ms. Joy, and Ms. Klein are entitled to absolute immunity in this action.  Finally, nothing in Plaintiff's proposed complaint or in his response to the Order to Show Cause reveals any extraordinary circumstance that would make abstention inappropriate in this case.  *Younger* abstention therefore applies to Plaintiff's claims. For these reasons, this Court recommends that Plaintiff's complaint and this action be dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief may be granted.  A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and

served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 23, 2024**.

DATED this 1st day of February, 2024.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge